This document was signed electronically on July 20, 2016, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: July 20, 2016



ALAN M. KOSCHIK
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re | ) |
| | ) Case No. 11-52475 |
| DAVE RUSSELL, | ) |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) Judge Alan M. Koschik |
| | ) |

## MEMORANDUM DECISION
## DENYING DEBTOR'S MOTION TO AVOID STATUTORY LIENS

Now before the Court is Debtor's Motion to Avoid Statutory Liens of State of Ohio Department of Taxation Pursuant to 11 U.S.C. § 506(d) ("Motion;" Docket No. 30). In the Motion, Debtor seeks to avoid statutory liens, pursuant to Section 506 of the Bankruptcy Code and Rules 4003(d) and 9014 of the Federal Rules of Bankruptcy Procedure, in favor of State of Ohio Department of Taxation that are secured by the Debtor's residence located at 2016 Stanford Ave., Twinsburg, Ohio. Based on the foregoing, the Court concludes that good cause does not exist to grant the Motion in its current procedural posture.

In support of his Motion, Debtor cites to Section 506(d), which provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void[.]" Debtor also relies on Section 506(a) as the basis for the relief sought. Section 506(a) addresses the procedure by which a claim is determined to be secured and provides in relevant part,

> [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest,…, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,…, and is an unsecured claim to the extent that the value of such creditor's interest…is less than the amount of such allowed claim.

11 U.S.C. § 506(a).

Section 506(a) provides a mathematical formula for determining the secured value of a claim based on the value of the collateral securing the lien. This determination is crucial for payment and distribution purposes in either a Chapter 7 asset case or in a Chapter 13 case. When a debtor invokes this provision for the determination of a lien's secured value only, a proceeding by motion is proper. *See* Fed. R. Bank. P. 3012. However, when a debtor invokes Section 506(a) to determine the extent, validity, or priority of a lien in order to avoid that lien, as is the case herein, Rule 7001(2) requires that such proceeding be brought by an adversary proceeding. *See* Fed. R. Bankr. P. 7001(2).

Debtor cites to Rule 4003(d) to support his position that the filing of his motion was proper. Rule 4003(d) provides that "[a] proceeding brought by a debtor to avoid a judicial lien or other transfer of property exempt under Section 522(f) of the Code shall be by motion in accordance with Rule 9014." Fed. R. Bankr. P. 4003(d). However, Debtor does not seek to avoid the liens pursuant to Section 522(f) of the Bankruptcy Code and thus, Rule 4003(d) is not

2

applicable. Indeed, Debtor cannot avoid the liens under Section 522(f) as this provision does not permit the avoidance of statutory liens.

Debtor's Motion is not the proper procedure in which to avoid statutory liens. Because he seeks to avoid the liens pursuant to Section 506(a), Debtor must file an adversary proceeding pursuant to Rule 7001(2) to achieve that purpose.

A separate order denying Debtor's Motion to Avoid Statutory Liens, consistent with this Memorandum Decision, will be entered contemporaneously.

# # #